## Vedder Transportation Co. v. Pennsylvania Railroad Co.

*George Hay Kain*, for petitioner.
*Spencer R. Liverant*, contra.

ANDERSON, J., August 25, 1941.—On August 4, 1941, in this action in trespass, a rule was granted to show cause why defendant, The Pennsylvania Railroad Company, should not be permitted to file an affidavit of defense and to include therein a set-off or counterclaim. On August 9, 1941, plaintiff filed an answer to said rule and oral argument was heard by the court August 18, 1941. The accident out of which the case arose occurred January 25, 1940, and suit was instituted by plaintiffs on December 27, 1940. A motion to strike off plaintiffs' statement was filed and disposed of by an opinion of the court handed down March 13, 1941, and now at this date defendant desires to file an affidavit of defense including a counterclaim. Section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended, requires an affidavit of defense to be filed within 15 days of the service of the statement of claim. In assumpsit judgment may be taken for failure to so file, and in trespass certain facts, as agency, ownership, etc., are taken as admitted if not denied. There do not seem to be any decisions of our appellate courts as to whether an affidavit of defense may be filed after the 15-day period has elapsed, but the predominating opinion of the lower

courts is that it may be so filed by leave of court unless prejudice or injury to plaintiff's case by reason of the delay be shown: 4 Standard Pa. Practice, p. 37, sec. 18. Since no such prejudice or injury was averred in plaintiffs' answer, defendant would seem to be entitled to file the affidavit of defense: Halbe et ux. v. Rand, 20 D. & C. 559. In Shoemaker v. Myers, 49 Pa. C. C. 312, the court permitted defendant to file an affidavit of defense containing a counterclaim after the action was at issue and on the trial list. Our local court has consistently permitted the filing of an affidavit of defense after the 15 days had elapsed, and the case was on the trial list. See Singley v. Glatfelter, 10 D. & C. 771, and O'Brien v. Paul R. Hostetter Co., 11 D. & C. 171. In the case of Kessler et ux. v. Eisenlohr, 22 D. & C. 630 (1935), the court held that a defendant should not be allowed to file an affidavit of defense denying agency almost nine months after the entry of an appearance and only three days before the case was listed for trial where the only excuse was that defendant's counsel inadvertently forgot to prepare the affidavit. However, in the instant case defendant offers a somewhat more specious excuse for the many months' delay, alleging that the investigation of the accident was not completed in sufficient time to enable defendant to file the pleading as required. Since defendant could at this time file a countersuit which under the present policy of consolidating actions would undoubtedly be tried with the pending action, and since it was indicated at the argument that there is no intention to disclaim agency or ownership on the part of defendant, it would seem proper to permit defendant to file an affidavit of defense at this time and the rule heretofore granted will therefore be made absolute.

As to the other rule granted to show cause why the Erie Insurance Exchange and attorneys in fact should not be joined in said action as plaintiffs since it appeared at the argument that the Erie Insurance Exchange carried insurance covering only public liability

and property damage, it would therefore not be proper to join the insurance company as a party plaintiff at this time and the rule so granted is discharged.

And now, to wit, August 25, 1941, the rule granted to show cause why defendant should not be allowed to file an affidavit of defense and to include therein a set-off or counterclaim is made absolute, and the rule granted to show cause why the Erie Insurance Exchange and attorneys in fact should not be joined in said action as plaintiffs is discharged; and an exception is granted to plaintiffs and defendant, respectively, to the action of the court in this regard.